IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTINA MARTINEZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:20-cv-00787-M |
| FIESTA MART, LLC, | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion for Summary Judgment [ECF No. 11]. For the following reasons, the Motion is GRANTED.

**I.    Background**

On July 4, 2019, Plaintiff was in the Fiesta Mart located at 1332 S. Plano Road in Richardson, Texas. While walking in the store, she slipped on water on the floor and fell [ECF No. 13 at 43:22–44:5]. Plaintiff filed suit against Defendant in state court, and the case was then removed to this Court. Defendant moves for summary judgment, arguing that it had no knowledge of any dangerous condition and did not breach any duty owed to Plaintiff.

## II.     Legal standard

Summary judgment is warranted when the movant shows that there is no genuine dispute of material fact as reflected in the pleadings and summary judgment evidence, and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56; *McGee v. Arkel Int'l, LLC*, 671 F.3d 539, 542 (5th Cir.2012).  Initially, it is the moving party's burden to demonstrate the absence of evidence supporting the nonmovant's claims.  *Babcock v. Hartmarx Corp.*, 182 F.3d 336, 338 (5th Cir.1999) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).  Once the moving party satisfies that burden, the burden shifts to the nonmovant to prove that summary judgment is not appropriate.  *Tobin v. AMR Corp.*, 637 F.Supp.2d 406, 411 (N.D.Tex. 2009) (Lynn, J.) (citing *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir.1991)). A district court properly grants summary judgment if, when viewing all facts in the light most favorable to the nonmovant, it determines that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

## III.     Analysis

Plaintiff pled that Defendant was responsible for the following, which caused her injuries and damages:

   a. failing to keep such a lookout as a person of ordinary prudence would have kept under similar circumstances;
   b. failing to keep the premises safe;
   c. failing to warn the Plaintiff that a dangerous condition existed on the premises;
   d. failing to adequately repair the dangerous condition that existed on the premises;
   e. failing to inspect the premises prior to allowing customers and invitees on the premises.

Texas premises liability law governs these claims.  To succeed, Texas premises liability claims must satisfy four elements: (1) the owner or operator had actual or constructive

knowledge of some condition on the premises; (2) the condition posed an unreasonable risk of harm; (3) the owner or operator did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner or operator's failure to use reasonable care proximately caused the plaintiff's injuries. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex.1998). In its brief supporting the Motion for Summary Judgment, Defendant alleges that "Defendant did not know of or have reason to know of the allegedly dangerous substance and Defendant did not place the liquid." [ECF No. 12 at 7–8]. As the moving party, who does not have the burden of proof on the premises liability claim, Fifth Circuit law is that Defendant met its summary judgment burden by alleging that there was no evidence of its actual or constructive knowledge. *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 334–35 (5th Cir.2017) (explaining that, where the nonmovant has the burden of proof, the movant satisfies its summary judgment burden by alleging that the nonmovant has not established an essential element, at which point the nonmovant is "required to present . . . evidence to survive summary judgment."); *see Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir.1999) ("When a moving party alleges that there is an absence of evidence necessary to prove a specific element of a case, the nonmoving party bears the burden of presenting evidence that provides a genuine issue for trial."); *Charles v. Caliber Home Loans*, 2020 WL 4352578, at *2 (S.D.Tex. July 13, 2020) ("The movant may [satisfy its burden by] argu[ing] that the nonmovant failed to produce evidence in support of at least one element of a cause of action for which he bears the burden of proof.").

Plaintiff could show that Defendant had actual or constructive knowledge by proving that Defendant placed the water on the floor, knew the water was on the floor, or that it is more likely than not that the water was on the floor for a sufficient time to give Defendant a reasonable opportunity to discover it. *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex.2002). To

avoid summary judgment once a premises liability defendant has met its burden, the plaintiff must identify "evidence from which a jury could, under any of the three methods of proof outlined in *Reece*, conclude" Defendant had actual or constructive knowledge of the water on the floor. *McCarty v. Hillstone Restaurant Group, Inc.,* 864 F.3d 354, 359 (5th Cir.2017). Where no evidence would allow the jury to trace the dangerous condition to a "particular antecedent event", or allow the jury to infer that the condition has been growing over a certain length of time, summary judgment for the premises liability defendant is proper. *McCarty,* 864 F.3d at 360.

      Here, Plaintiff did not respond to Defendant's Motion for Summary Judgment. The only evidence before the Court on the premises liability claim is Plaintiff's deposition. Plaintiff testified that she did not know if any employee of Defendant caused the water to be on the floor, or knew the water was on the floor [ECF No. 13 at 55:21–56:4]. There is no other evidence that Defendant's employees had a role in the water being on the floor. Thus, there is no question of material fact as to whether Defendant placed or knew of the water on the floor.

      To establish that the water was on the floor long enough to give Defendant a reasonable opportunity for discovery, Plaintiff must show "some proof of how long the hazard was there". *Reece*, 81 S.W.3d at 815–16; *Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 314 (5th Cir.2003); *see Rodriguez v. Wal-Mart Stores, Inc.*, 2019 WL 7761431, at *4 (W.D.Tex. Oct. 23, 2019) (explaining that the rule adopted in *Reece* is unambiguous and exacting for the plaintiff). Plaintiff offered no such proof. *See generally Watson v. Target Corp.*, 2020 WL 5747904, at *4 (E.D.Tex. Sept. 25, 2020) (concluding that there was "no temporal evidence such that a factfinder could find knowledge necessary for succeeding on [plaintiff's] premises liability claim" where plaintiff had merely testified to the presence of an employee in the area, and a

water puddle near the front of the store); *Rodriguez*, 2019 WL 7761431, at *4 (W.D.Tex. Oct. 23, 2019) (finding that there was not constructive notice where plaintiff cited no evidence "demonstrating the longevity of the premises defect").

### IV.     Conclusion

Because there is no genuine issue of material fact as to Defendant's knowledge of the allegedly hazardous condition, the Court GRANTS Defendant's Motion for Summary Judgment.

**SO ORDERED**.

February 2, 2021.

BARBARA M. G. LYNN
CHIEF JUDGE

5